UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PATTI BROCK-CHAPMAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:10-CV-454-B |
| | § | |
| NATIONAL CARE NETWORK, LLC, | § | |
| | § | |
| Defendant. | § | |

# ORDER

Before the Court is Defendants' Motion to Strike Certain Portions of Plaintiff's Response and Brief in Support of Response to Defendant's Motion for Summary Judgment (doc. 43). Defendant National Care Network, LLC, ("NCN") objects to three categories of evidence offered by Plaintiff Brock-Chapman in her response to NCN's motion for summary judgment. For the reasons stated below, the motion is **GRANTED in part and DENIED in part**.

## I.

## LEGAL STANDARD

"It has long been settled law that a plaintiff must respond to an adequate motion for summary judgment with admissible evidence." *Duplantis v. Shell Offshore, Inc.*, 948 F.2d 187, 191 (5th Cir. 1991). The court shall not consider inadmissible evidence on a motion for summary judgment "because it would not establish a genuine issue of material fact if offered at trial and continuing the action would be useless." *Id.* at 192 (quoting *Geiserman v. MacDonald*, 893 F.2d 787, 793 (5th Cir. 1990). With this standard in mind, the Court turns to NCN's specific arguments against Brock-Chapman's proffered evidence.

## II.

## ANALYSIS

A.  *Paragraphs 13, 14, and 17 of Plaintiff's Response*

NCN argues that paragraphs 13, 14, and 17 of Brock-Chapman's response should be struck as they are based on hearsay and Brock-Chapman does not have personal knowledge of the offered statements. Brock-Chapman responds that the statements in question are from employees of NCN and are therefore not hearsay but admissions by a party opponent under Federal Rule of Evidence 801(d)(2). The Court finds the statements in paragraphs 13, 14, and 17 are hearsay that do not fall within the admissions by a party opponent exclusion. Therefore, NCN's motion to strike paragraphs 13, 14, and 17 is **GRANTED.**

B.  *Last sentence of paragraph 70*

The last sentence of paragraph 70 alleges Mr. Pusic was fired for non-performance at NCN. NCN argues that Brock-Chapman has no personal knowledge of this fact, stating in her affidavit that her knowledge of Pusic being fired for non-performance is "based on information and belief." In her response to the motion to strike, Brock-Chapman offers that employees still working at NCN told her Pusic was fired for non-performance, but in her response Brock-Chapman does not name these employees. The Court finds that the last sentence of Paragraph 70 is not based on personal knowledge nor does Brock-Chapman establish who at NCN told her Pusic was fired for non-performance and therefore NCN' motion to strike the last sentence of paragraph 70 is **GRANTED**.

C.  *Paragraphs 9, 10, and 58*

Finally, NCN argues that the first sentence of paragraph 9, all of paragraph 10 and all of paragraph 58 except the last sentence should be struck as conclusory, self-serving statements. Brock-

Chapman responds that a party's own testimony is often self-serving, but that a court should not exclude the evidence on that basis alone. *C.R. Pittman Const. Co., Inc. v. Nat'l Fire Ins. Co. of Hartford*, 453 F. App'x 439, 443 (5th Cir. 2011). "An affidavit based on personal knowledge and containing factual assertions suffices to create a fact issue, even if the affidavit is arguably self-serving." *Id.* In the paragraphs at issue, Brock-Chapman points to specific sales statistics as evidence of her performance at NCN and compares her performance to other salespeople at NCN. While Brock-Chapman does not explicitly state how she came to know her ranking as the first or second best salesperson, such an omission only goes to the weight and not the admissibility of the proffered evidence. Therefore, NCN's motion to strike paragraphs 9, 10, and 58 is **DENIED**.

### III.

### CONCLUSION

For the reasons stated above, Defendant NCN's Motion to Strike is **GRANTED in part and DENIED in part**. Defendant NCN's motion to strike is **GRANTED as to** paragraphs 13, 14, 17, and the last sentence of paragraph 70. NCN's motion to strike is **DENIED as to** paragraphs 9, 10, and 58.

**SO ORDERED.**

**SIGNED: January 16, 2013.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE